IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON LEE SALISBURY, | ) | Case No. 5:23-CV-1797 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |
| | ) | |

On September 15, 2023, Plaintiff Aaron Lee Salisbury ("Salisbury"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits ("DIB"). ECF Doc. 1. The Court referred the case to Magistrate Judge Carmen E. Henderson for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Henderson recommends the Court affirm the decision of the Commissioner. Salisbury has objected to the R&R on two grounds: 1) that the administrative law judge ("ALJ") failed to properly evaluate the opinion of treating physician, Manzoor Elahi, M.D.; and 2) that the ALJ failed to properly consider Salisbury's subjective testimony. ECF Doc. 12.

The Court has reviewed the record, the briefings, the R&R, Salisbury's objections and the Commissioner's response. ECF Doc. 12. Because the Commissioner's decision to deny DIB was supported by substantial evidence, the Court overrules Salisbury's objections and adopts

Magistrate Judge Henderson's R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

I. **Background**

Mr. Salisbury protectively filed an application for DIB on July 6, 2021, alleging a disability onset date of May 3, 2021. His claims were denied initially and upon reconsideration. He then requested a hearing before an administrative law judge. ECF Doc. 5 at 98. Mr. Salisbury (represented by counsel), and a vocational expert ("VE") testified by phone at a hearing with ALJ Jason Panek on August 18, 2022. ECF Doc. 5 at 37. On September 23, the ALJ found Mr. Salisbury not disabled in a written decision. ECF Doc. 5 at 14.

Of relevance here, the ALJ determined that Salisbury could do more work than opined by his treating psychiatrist, Manzoor Elahi. ECF Doc. 5 at 25. Specifically, the ALJ found that Dr. Elahi had not explained why Salisbury could complete some tasks, but not others. He also found that Dr. Elahi's opinion was not supported by the medical records showing Salisbury was capable of performing a broader range of work. *Id*. The ALJ also found that Salisbury was capable of performing certain types of jobs, even though he was still experiencing problems with his memory. ECF Doc. 5 at 22-23.

The Appeals Council denied Mr. Salisbury's request for review, making the hearing decision the final decision of the Commissioner. ECF Doc. 5 at 1. Mr. Salisbury filed this action on September 15, 2023. ECF Doc. 1.

II. **Standard of Review**

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

2

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin*., 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec*., 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)

("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III. Law & Analysis

#### A. Dr. Elahi's Opinion

Salisbury contends the Court cannot affirm the ALJ's decision because he incorrectly evaluated the opinion of Salisbury's treating psychiatrist, Dr. Elahi. ECF Doc. 12 at 1. 20 CFR 404.1520c sets forth how medical opinions are to be evaluated:

> a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from

4

> that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

Salisbury complains that the ALJ noted some "unexplained inconsistencies" in Dr. Elahi's opinion questionnaire and didn't focus on the supportability of his opinion. The Court has reviewed the ALJ's decision and finds that the ALJ properly evaluated Dr. Elahi's opinion. The ALJ *did* explain the inconsistencies he perceived in Dr. Elahi's opinion questionnaire. For example, he pointed out that Dr. Elahi opined that Salisbury would not be able to remember very short and simple instructions, but that he *would* be able to carry out such instructions in a limited, but satisfactory, manner. ECF Doc. 5 at 25; ECF Doc. 5 at 1493. It is hard to understand how Salisbury would be able to carry out instructions he could not remember. The ALJ explained the perceived inconsistencies in Dr. Elahi's Medical Source Statement. And because of these inconsistencies, the ALJ could not fully rely on Dr. Elahi's assessment of Salisbury's cognitive abilities.

Moreover, throughout his decision, the ALJ discussed how Salisbury's treatment record showed significant improvement of his mental symptoms over the past couple of years. Given the significant improvement reflected in the treatment notes, the ALJ found that Dr. Elahi's opinion was not fully supported by the record. The Court agrees with both the ALJ's evaluation and with Magistrate Judge Henderson's decision that the ALJ complied with the regulations and his decision was supported by substantial evidence. Because substantial evidence supported the ALJ's conclusion, because he complied with the appropriate regulations, and because he built a logical bridge between the evidence and his decision, the Court must defer to his decision.

Accordingly, the Court overrules Salisbury's first objection and adopts the Magistrate Judge's R&R on Dr. Elahi's opinion.

### B. Subjective Testimony

Salisbury also argues that Magistrate Judge Henderson erred in evaluating the ALJ's consideration of Salisbury's subjective complaints.  The Court disagrees.  20 CFR 404.1529(a) provides:

> General. In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled. In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you. We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work.

As pointed out in Magistrate Judge Henderson's R&R, the ALJ considered Salisbury's testimony regarding his ongoing memory issues and compared his statements to the evidence from his treatment notes and his own statements about his ability to function.  The ALJ recognized that Salisbury continued to have some difficulty with his memory, but was managing with the use of lists and reminders, and used a GPS for navigation while driving.  For example, Salisbury was capable of taking and following notes to complete tasks such as driving his children to and from

6

various extra-curricular activities.  The Court agrees with Magistrate Judge Henderson's conclusion that substantial evidence supported the ALJ's assessment of Salisbury's subjective symptom testimony and that the ALJ properly applied the regulations to Salisbury's subjective complaints.  Accordingly, the Court overrules Salisbury's second objection and adopts Magistrate Judge Henderson's R&R on this issue.

### IV.     Conclusion

For the reasons discussed above, the Court overrules Salisbury's objections to the R&R, which is hereby adopted.  Because the Commissioner's decision to deny DIB is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: May 22, 2024
                                                                *s/Dan Aaron Polster*
                                                                United States District Judge